UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GASPLUS, L.L.C., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 03-1902 (RMC) |
| ) | |
| UNITED STATES DEPARTMENT OF ) | |
| THE INTERIOR, *et al.*, ) | |
| ) | |
| Defendants. ) | |

MEMORANDUM OPINION

The Southwest Regional Director of the Bureau of Indian Affairs ("BIA"), at the request of the Nambe Pueblo Indian tribe, issued a decision declaring, *inter alia*, that a management agreement between GasPlus, L.L.C. ("GasPlus") and the Nambe Pueblo Development Corporation was terminated immediately for lack of approval by the Secretary of the Interior, as 25 U.S.C. § 81 ("Section 81") requires. That decision was sustained on administrative review within the Department of the Interior ("DOI") but reversed by this Court. *See Gasplus, L.L.C. v. United States Dep't of Interior*, 510 F. Supp. 2d 18 (D.D.C. 2007). Although the government initially appealed this Court's decision, it subsequently withdrew that appeal. GasPlus now applies for costs and attorneys' fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. GasPlus argues that in addition to allowable costs under 28 U.S.C. § 2412(a)(1) ("Subsection 2412(a)(1)"), it is entitled to attorneys' fees under 28 U.S.C. § 2412(d)(1)(A) ("Subsection 2412(d)(1)(A)") because it is a prevailing party and the government's position was not substantially justified. GasPlus also urges the Court to award discretionary fees, under 28 U.S.C. § 2412(b) ("Subsection

2412(b)"), as a punitive measure for the government's bad faith.

Pursuant to Subsections 2412(a)(1) and 2412(d)(1)(A), the Court will award GasPlus the allowable costs and fees it incurred in suing the United States but not the costs and fees it incurred in suing government officials in their individual capacities under *Bivens*[1] because those are not claims against the United States and, therefore, not covered by EAJA. *See Kreines v. United States*, 33 F.3d 1105, 1109 (9th Cir. 1994) ("a *Bivens* action is not a 'civil action . . . against the United States'" under EAJA). The Court does not find the bad faith necessary to support a further award of discretionary fees under Subsection 2412(b).

## I. FACTUAL BACKGROUND

Section 81 requires government approval of a contract that is between a non-Indian and an Indian tribe, when the contract encumbers tribal land and is for a term greater than seven years.[2] This case deals with its application. For purposes of this decision on costs and attorneys' fees, the Court assumes familiarity with its decision on the merits and provides only a brief summary.

On February 7, 2002, the Regional Director declared that a Management Agreement ("Agreement") between GasPlus and the Nambe Pueblo Development Corporation was subject to Section 81; that the Agreement was immediately terminated because it had not received prior approval by the Secretary of the Interior; and that GasPlus must disgorge all monies received under the Agreement. The Agreement at that time was more than one year old but the Regional Director

---

[1] *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

[2] 25 U.S.C. § 81(b) provides: "No agreement or contract with an Indian tribe that encumbers Indian lands for a period of 7 or more years shall be valid unless that agreement or contract bears the approval of the Secretary of the Interior or a designee of the Secretary."

issued his Decision with no notice to, or hearing from, GasPlus.

On February 28, 2002, GasPlus appealed the Director's decision to the Interior Board of Indian Appeals ("IBIA"). On June 9, 2003, the Assistant Secretary of the BIA issued its decision affirming the Director. GasPlus appealed to this Court, and on September 6, 2007, the Court granted summary judgment to GasPlus. *See Gasplus*, 510 F. Supp. 2d 18. The government appealed the Court's decision to the D.C. Circuit on November 2, 2007, but then withdrew its appeal on February 13, 2008. The Circuit entered an order dismissing the appeal on March 12, 2008. Thereafter, on April 7, 2008, GasPlus applied for attorneys' fees and costs pursuant to EAJA. *See* Dkt. # 70.

## II. LEGAL STANDARDS

**A.   Costs**

Costs are governed by Subsection 2412(a)(1) of EAJA. It provides:

> a judgment for costs, as enumerated in Section 1920 of this title, but not including the fees and expenses of attorneys, may be awarded to the prevailing party in any civil action brought by or against the United States or any agency or any official of the United States acting in his or her official capacity . . . . A judgment for costs when taxed against the United States shall . . . be limited to reimbursing in whole or in part the prevailing party for the costs incurred by such party in the litigation.

28 U.S.C. § 2412(a)(1). Costs allowable under 28 U.S.C. § 1920 may be recovered against the United States under Subsection 2412(a)(1) to the extent that the costs relate to a litigant's obtaining "the functional equivalent of a final judgment against the government that entitles him to some relief." *In re Turner*, 14 F.3d 637, 641 (D.C. Cir. 1994).

### B.     Attorneys' Fees

#### 1.     *Mandatory Fees*

Mandatory fees are governed by Subsection 2412(d)(1)(A) of EAJA.  It provides:

> a court shall award to a prevailing party . . . fees and other expenses . . . incurred by that party in any civil action . . . including proceedings for judicial review of agency action, brought by or against the United States . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).  Only fees attributable to civil actions brought by or against the United States — defined to include "any agency and any official of the United States acting in his or her official capacity" — may be awarded under Subsection 2412(d)(1)(A).  *Id.* § 2412(d)(2)(C).  In addition, the fees are capped at $125 per hour "unless the court determines that an increase in the cost of living or a special factor, such as the availability of qualified attorneys for the proceedings involved, justifies a higher fee."  *Id.* § 2412(d)(2)(A).

#### 2.     *Discretionary Fees*

Discretionary fees are governed by Subsection 2412(b) of EAJA.  It provides:

> a court may award reasonable fees and expenses of attorneys . . . to the prevailing party in any civil action brought by or against the United States or any agency or any official of the United States acting in his or her official capacity . . . .  The United States shall be liable for such fees and expenses to the same extent that any other party would be liable under the common law . . . .

28 U.S.C. § 2412(b).  Unlike mandatory fees under Subsection 2412(d)(1)(A), there is no statutory cap for discretionary fees under Subsection 2412(b).  *See Gray Panthers Project Fund v. Thompson*, 304 F. Supp. 2d 36, 38 (D.D.C. 2004).  However, fees are available under Subsection 2412(b) only if the Court finds that the United States acted in bad faith.  *See Am. Hosp. Ass'n v. Sullivan*, 938 F.2d

216, 219 (D.C. Cir. 1991).

### III.  ANALYSIS

As a preliminary matter, the Court notes that the government does not dispute that GasPlus qualifies as a "prevailing party" within the meaning of EAJA.  Because this Court granted GasPlus summary judgment, *see Gasplus*, 510 F. Supp. 2d 18, GasPlus meets EAJA's definition of "prevailing party."  *See Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 604 (2001) (party who wins judgment on the merits is a "prevailing party" for fee-shifting purposes); *Select Milk Producers, Inc. v. Johanns*, 400 F.3d 939, 945 (D.C. Cir. 2005) ("it is now clear that *Buckhannon's* construction of 'prevailing party' also applies to fee claims arising under EAJA").  Accordingly, the only issues to be decided are:  the amount of costs that will be awarded to GasPlus under Subsection 2412(a)(1); whether the government's position was "substantially justified" within the meaning of Subsection 2412(d)(1)(A); whether the government acted in bad faith within the meaning of Subsection 2412(b); and, if the government was not "substantially justified" and/or acted in bad faith, the amount of attorneys' fees that will be awarded to GasPlus.  The Court will address each in turn.

    **A.**    **Amount of Costs**

GasPlus submitted a bill of costs in the amount of $517.71 itemized as follows:

    (1) $4.00 in photocopying expenses incurred at the Bernalillo County Clerk's Office on March 6, 2002;

    (2) $150.00 filing fee charged by the Clerk of this Court for bringing this action;

    (3) $58.71 for service of process on Robert D. Baracker; and

(4) $305 for service of process on Aurene M. Martin.

Pl.'s Appl. for Attys' Fees & Costs, Ex. F (Itemized Costs). The government argues that only the $150 filing fee should be awarded to GasPlus because the photocopying expense is not identifiable as related to this litigation and was incurred long before the initiation of this litigation, and the service of process expenses relate to costs incurred in furtherance of an action against the individual defendants, not the United States. Def.'s Opp'n at 30. The Court agrees. GasPlus has failed to explain how the $4.00 photocopying fee incurred more than a year before the initiation of this lawsuit is attributable to this litigation. Further, even assuming that private process server costs were allowable under 28 U.S.C. § 1920,[3] the costs of serving Mr. Baracker and Ms. Martin are not recoverable against the United States under Subsection 2412(a)(1) because they were not incurred as part of GasPlus's action against the United States, and thus fall outside the scope of EAJA. *See* 28 U.S.C. § 2412(a)(1) (allowable costs may be awarded to "the prevailing party in any civil action brought by or against the United States or any agency or *any official of the United States acting in his or her official capacity*") (emphasis added); *In re Turner*, 14 F.3d at 641 (costs recoverable under Subsection 2412(a)(1) are those costs incurred in obtaining "the functional equivalent of a final judgment *against the government*") (emphasis added). Because Mr. Baracker and Ms. Martin were sued in their individual capacities under *Bivens*, the costs GasPlus incurred in suing them cannot be recovered under Subsection 2412(a)(1). *See Kreines*, 33 F.3d at 1109 ("a *Bivens* action is not a 'civil action . . . against the United States'" under EAJA). Therefore, the Court will award GasPlus $150.00 in costs.

---

[3] *See Chen v. Slattery*, 842 F. Supp. 597, 600 (D.D.C. 1994) (costs of service of process are not taxable costs); *Zdunek v. WMATA*, 100 F.R.D. 689, 692 (D.D.C. 1983) (same).

**B.     Entitlement to Attorneys' Fees**

   1.     *Mandatory Fees*

As discussed above, under Subsection 2412(d)(1)(A), the Court must award attorneys' fees to GasPlus unless the government's position was substantially justified or special circumstances make an award unjust. *See* 28 U.S.C. § 2412(d)(1)(A). "Substantially justified" means "justified in substance or in the main – that is, justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (quotation marks omitted). The "position of the United States" includes not only the government's position in litigation but also the "action or failure to act by the agency upon which the civil action is based . . . ." 28 U.S.C. § 2412(d)(2)(D). The government carries the burden of showing that the underlying agency action giving rise to litigation and its litigation position were substantially justified. *See Wilkett v. Interstate Commerce Comm'n*, 844 F.2d 867, 871 (D.C. Cir. 1988).

This case turned on whether the Agreement between GasPlus and the Nambe Pueblo, under which GasPlus agreed to "manage, supervise, and operate [Nambe Pueblo's] Gasoline Distribution Business," encumbered the Tribe's land. The Court already has ruled that BIA's conclusion that the Agreement encumbered Nambe Pueblo land in violation of Section 81 was "arbitrary, capricious, an abuse of discretion, [and] otherwise not in accordance with law." *Gasplus*, 510 F. Supp. 2d at at 33. Moreover, the Court also found that "the statute and regulations could not be more clear . . . [and] the BIA's conclusion finds no support in the statutory text." *Id.*[4] With an

---

[4] The Court did not simply observe that BIA had ignored the plain meaning of the word "encumber," which has "a fairly well-defined meaning" fitting within BIA's own regulations at 25 C.F.R. § 84.002. *GasPlus*, 510 F. Supp. 2d at 28-29. It also found that BIA's determination did "not follow as a matter of law or logic," *id.* at 30, and that the BIA "ignored the plain language of [the statute], ignored Congress's unambiguous intent . . . and ignored the definitions and examples

unambiguous guide from the statute and its own regulations, the BIA and the DOI should have correctly ascertained that Section 81 did not apply to the Agreement. In its opposition to GasPlus's fee application, the government has failed to offer any convincing reason for believing that its interpretation of Section 81 was substantially justified.[5]

The government instead relies on *Taucher v. Brown-Hruska*, 396 F.3d 1168 (D.C. Cir. 2005), to argue that a lack of clear precedent can provide substantial justification for an interpretation which a court later finds erroneous. True enough, but in *Taucher* the law was far from clear. *See id.* at 1175-78. In contrast, the law here "could not be more clear." *GasPlus*, 510 F. Supp. 2d at 33. *Taucher* does not hold that the absence of interpretive case law necessarily means that the government's interpretation of the law is substantially justified. *Cf. Halverson v. Slater*, 206 F.3d 1205, 1210 (D.C. Cir. 2000) (noting that the absence of contrary case law does not lead to the conclusion that the government's position is substantially justified). Nor does *Taucher* hold that the absence of interpretive case law necessarily means that the law is unsettled. *Taucher* recounted that the government would not be substantially justified if "it vainly pressed a position flatly at odds with controlling case law . . . ." *Taucher*, 396 F.3d at 1174 (quotation marks and citation omitted). Where, as here, the applicable statute and regulations are clear and unambiguous, an interpretation

---

contained in the implementing Regulations." *Id.* at 33. In short, the Court found that "[t]he BIA's decision to void the contract under Section 81 because the Nambe Pueblo's government changed its mind about the wisdom of the contract violated the letter and the spirt of Section 81 . . . ." *Id.* at 34.

[5] The government argues that the Management Agreement gave GasPlus "a great deal of control over, including day-to-day operation of, a tribal business located on tribal land," Def.'s Opp'n at 6, as if this fact made the application of Section 81 any more in doubt. The Nambe Pueblo entered into a contract with GasPlus whereby the latter managed the former's gasoline distribution business; as a contracted manager, GasPlus necessarily had "a great deal of control over, including day-to-day operation of" the business: that is exactly the task the Nambe Pueblo contracted with GasPlus to perform.

that is flatly at odds with their terms is no different than an interpretation that is flatly at odds with controlling case law. *See Halverson*, 206 F.3d at 1211 (despite absence of interpretive case law, government not substantially justified because its statutory interpretation was contrary to the plain meaning of the statute).

The government has offered no persuasive reason for believing that reasonable minds could differ over the application of Section 81 to the Agreement. Accordingly, it has failed to show that its position was substantially justified. *See F.J. Vollmer Co., Inc. v. Magaw*, 102 F.3d 591, 593 (D.C. Cir. 1996) (an agency's interpretation of its governing statute that was "wholly unsupported by the text, legislative history, and underlying policy" was not substantially justified). GasPlus is thus entitled to attorneys' fees under Subsection 2412(d)(1)(A).

2.   *Discretionary Fees*

GasPlus urges the Court to award it full attorneys' fees, without regard to the statutory cap, pursuant to Subsection 2412(b) because the government acted in bad faith. "[T]he substantive standard for a finding of bad faith is stringent and attorneys' fees will be awarded only when extraordinary circumstances or dominating reasons of fairness so demand." *Ass'n of Am. Physicians & Surgeons, Inc. v. Clinton*, 187 F.3d 655, 660 (D.C. Cir. 1999) (quotation marks and citation omitted). "Further, the finding of bad faith must be supported by clear and convincing evidence, which generally requires the trier of fact, in viewing each party's pile of evidence, to reach a firm conviction of the truth on the evidence about which he or she is certain." *Id.* (quotation marks and citations omitted).

While the government's position in this litigation toes the line, the Court finds that the stringent standard for establishing bad faith is not supported by clear and convincing evidence.

The fact that Section 81 had only recently been adopted; that no precedent existed to guide BIA or DOI; and that BIA and DOI acted on the suddenly-outdated presumption that it should err, if at all, in the Tribe's favor, sap the record of clear and convincing evidence that the government acted in bad faith. Accordingly, the Court will deny GasPlus full attorneys' fees pursuant to Subsection 2412(b).

      **C.**    **Amount of Attorneys' Fees**

          1.    *Scope of Fees*

The government objects to GasPlus's application for fees insofar as GasPlus seeks fees for the administrative process; insofar as they involved the remand proceedings; insofar as GlasPlus counsel worked on the allegations against the former Regional Director and Assistant Secretary–Indian Affairs as defendants in their individual capacities; insofar as the lawyers worked on the GasPlus due process claim on which it did not succeed; and because counsel did not exercise billing judgment. With the exception of the government's objection to fees attributable to GasPlus's *Bivens* claims, the Court finds the government's objections to be meritless.

          a.    <u>Fees Related to *Bivens* Claims</u>

As used in Subsection 2412(d)(1)(A), "United States" includes "any agency and any official of the United States acting in his or her *official capacity*." 28 U.S.C. § 2412(d)(2)(C) (emphasis added). *Bivens* actions involve claims against federal officials in their *individual capacities*. Accordingly, Subsection 2412(d)(1)(A) "does not authorize the courts to award attorney's fees against the United States in *Bivens* actions." *Kreines*, 33 F.3d at 1109. This is so even if, as GasPlus argues, its claims against the government and its *Bivens* claims arose from the same set of facts and would otherwise be recoverable under *Hensley v. Eckerhart*, 461 U.S. 424, 434

(1983). *See In re Turner*, 14 F.3d at 640 ("even where a fee award is otherwise authorized, the Government is shielded by sovereign immunity from attorney's fee liability 'except to the extent it has waived its immunity'") (*quoting Ruckelshaus v. Sierra Club*, 463 U.S. 680, 685 (1983)). Subsection 2412(d)(1)(A) waives this immunity for official capacity claims against federal officials, but not for individual capacity claims against federal officials. Therefore, the Court will subtract from GasPlus's award the fees related to the *Bivens* claims.

    b. <u>Fees Related to Remand Proceedings/Due Process Claim</u>

The government argues that GasPlus's award should not include hours billed opposing the government's motion to remand and litigating its due process claim because GasPlus did not prevail on either. However, an EAJA applicant need not have won on all points below to qualify for fees. It is the applicant's "overall success on the merits" that counts. *Judicial Watch, Inc. v. U.S. Dep't of Commerce*, 470 F.3d 363, 369 (D.C. Cir. 2006). Here, GasPlus offered alternative related legal theories on which to seek a court order that its rights had been violated when BIA declared Section 81 applicable to the Agreement. All of GasPlus's claims arose from this "common core of facts" and were "based on related legal theories." *Hensley*, 461 U.S. at 435. While GasPlus did not succeed "on every contention raised in the lawsuit[,]" it obtained overall success on the merits when this Court set aside the BIA's decision, and "[t]he result is what matters." *Id.* Accordingly, that GasPlus did not prevail on its due process claim and its opposition to the government's motion to remand "is not a sufficient reason for reducing a fee." *Id.*

    c. <u>Fees Related to the Administrative Proceedings</u>

The government contends that GasPlus cannot be compensated under EAJA for attorneys' fees related to the administrative proceedings, both before the complaint was filed and

during the mid-litigation remand.  It notes that Subsection 2412(d)(1)(A) only awards fees and expenses for a "civil action," which is commonly understood to include only judicial proceedings. *See Levernier Constr., Inc. v. United States*, 947 F.2d 497, 503 (Fed. Cir. 1991).  The only exception is for an action for judicial review of an "adversary adjudication," 28 U.S.C. § 2412(d)(3), defined "as an adjudication under section 554" of the Administrative Procedure Act ("APA"), 5 U.S.C. § 551 *et seq.*, "in which the position of the United States is represented by counsel or otherwise."  *Id.* § 504(b)(1)(C).  Administrative proceedings do not constitute "adversary adjudications" under EAJA unless they are "governed by" or "subject to" APA § 554.  *Ardestani v. INS*, 502 U.S. 129, 135 (1991); *Full Gospel Portland Church v. Thornburgh*, 927 F.2d 628, 630-31 (D.C. Cir. 1991).  The government argues that GasPlus's administrative appeal to the IBIA was not "governed by" or "subject to" APA § 554 because the IBIA was not required to conduct an "on the record" hearing.

APA § 554 applies "in every case of an adjudication required by statute to be determined on the record after an opportunity for an agency hearing."  5 U.S.C. § 554(a).  An "adjudication" is defined as an "agency process for the formulation of an order."  *Id.* § 551(7). "Section 554 therefore will apply if the proceeding meets three requirements:  (1) there must be an adjudication, an agency process for the formulation of an order, that is required by statute; (2) it must be on the record; and (3) there must be an opportunity for an agency hearing."  *Five Points Road Joint Venture v. Johanns*, 542 F.3d 1121, 1125 (7th Cir. 2008).  For administrative appeals to the IBIA, the procedural rules are governed by regulations promulgated by the Secretary of the Interior and codified at 43 C.F.R. Part 4, Subpart D.  *See* 25 U.S.C. §§ 2 & 9; 43 C.F.R. §§ 4.330-4.340.

Administrative appeals to the IBIA meet the definition of an "adjudication" because the regulations provide for a right of appeal to "[a]ny interested party affected by a final

administrative action or decision of an official of the Bureau of Indian Affairs" and empower the IBIA to "make a final decision" on any such appeal. 43 C.F.R. §§ 4.331, 4.337(a). In other words, the regulations provide "an agency process for the formulation of an order." 5 U.S.C. § 551(7). The regulations further provide for the adjudication to be "on the record." They specify that "[t]he *record on appeal* shall include, without limitation, copies of transcripts of testimony taken; all original documents, petitions, or applications by which the proceeding was initiated; all supplemental documents which set forth claims of interested parties; and all documents upon which all previous decisions were based." 43 C.F.R. § 4.335(a) (emphasis added). The regulations further provide that "the Board may require a hearing[,]" that "[a]ll hearings shall be conducted by an administrative law judge of the Office of Hearings and Appeals[,]" and that "the entire record of the proceedings, including the transcript of the hearing before the administrative law judge, shall be forwarded to the Board." *Id.* §§ 4.337(a), 4.338(a). Finally, the regulations provide that "[s]ubsequent to a decision by the Board, the record filed with the Board and all documents added during the appeal proceeding, including the Board's decision, shall be forwarded to the official of the Bureau of Indian Affairs whose decision was appealed for proper disposition in accordance with rules and regulations concerning treatment of federal records." *Id.* § 4.340. For these reasons, the Court finds that GasPlus's administrative appeal to the IBIA was "governed by" and "subject to" APA § 554.[6]

---

[6] That it was the Assistant Secretary–Indian Affairs and not the IBIA that rendered the decision on appeal is immaterial. *See* 43 C.F.R. § 4.332(b); 25 C.F.R. § 2.20(c). The regulations governing appeals decided by the Assistant Secretary–Indian Affairs also require the decision to be "on the record." *See* 25 C.F.R. § 2.20(d).

        d.        <u>Billing Judgment</u>

The government assails the GasPlus lawyers for allegedly not exercising "billing judgment" during the six years that this dispute has been brewing. Having reviewed the firms' records carefully, and analyzed the affidavits and contemporaneous billing records, the Court disagrees and finds the fees billed to be reasonable.

        2.        *Hourly Rate*

The hourly rate at which attorneys' fees can be recovered under Subsection 2412(d)(1)(A) is $125 unless a court determines that "an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceeding involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). The statutory cap was set over ten years ago, in 1996. As a result, "courts routinely approve cost-of-living adjustments." *Role Models Am., Inc. v. Brownlee*, 353 F.3d 962, 969 (D.C. Cir. 2004) (quotation marks and citation omitted). GasPlus has submitted a chart showing the Consumer Pricer Index for All Urban Consumers, beginning in 1996, as reported by the U.S. Department of Labor. *See* Pl.'s Application for Att'ys Fees & Costs, Ex. C. It also has illustrated the corresponding change in hourly rates over the six years this dispute has been pending. *See id.* The government does not object to the cost of living adjustments proposed by GasPlus. *See* Def.'s Opp'n at 15 n.2. Accordingly, the Court finds that GasPlus is entitled to the referenced cost of living adjustments to the $125/hour fee cap, minus attorneys' fees spent suing government officials in their individual capacities.

        3.        *Taxes*

GasPlus asks the Court to award it taxes on the fees. However, GasPlus has failed to cite any provision of EAJA that authorizes courts to award taxes on fees. Accordingly, the Court

will not award GasPlus its requested taxes on the fees.

## IV.  CONCLUSION

For the reasons stated, the Court will grant in part and deny in part GasPlus's Application for Attorneys' Fees and Costs [Dkt. # 70].  The Court will award GasPlus $ 204,148.15 (cost of living adjustment rates for all hours billed) minus $27,183.35 (costs spent suing government officials in their individual capacities),[7] for a total fee award of $176,964.80.  The Court will also award GasPlus $150.00 in costs.  A memorializing Order accompanies this memorandum opinion.


DATE: January 6, 2009                                         /s/
                                                       ROSEMARY M. COLLYER
                                                       United States District Judge

---

[7] This figure was computed by the government in its Opposition. GasPlus did not dispute this figure in its Reply.  Accordingly, the Court accepts the figure as conceded.